## NORTON *vs.* W. WOODS & D. WOODS.

A defendant cannot, be allowed to introduce irrelevant matters into his answer, for the purpose of discrediting the witnesses, who, as he supposes,. may be called by the complainant to sustain the suit.

In a bill or answer which is to be sworn to, if the fact which the party wishes to introduce as an averment, is only derived from the information of another person, who knows the fact, it is allowable, in pleading in this court, to state the information, and to add an averment of the belief of the party that the information thus communicated to him is true.

In a suit for relief against a judgment at law, neither the judge's notes, nor the case made and settled therefrom, are legal or proper evidence to conclude the parties, as to the facts which occurred or were proved upon the trial of the cause, and they ought not to be referred to and made a part of the answer. The facts, which occurred on the trial at law, should be directly stated in the answer, leaving the truth of the allegations to be established by proof, in the usual manner.

A repetition of the same allegations, in different parts of a bill or answer, renders either one or the other of such allegations impertinent.

Where pertinent matter is so mixed up with that which is impertinent and irrelevant that they cannot be separated, the whole may be rejected as impertinent.

Where part of the exceptions are allowed, and the rest disallowed, the costs to which the respective parties are entitled, may be offset, or a proportionate share of the costs, only, may be allowed to the party who succeeds as to a majority of the exceptions,

1835.

Norton.
v.
Woods.

April 21.

THIS case came before the court on exceptions to a master's report, upon exceptions to the answer of the defendants for impertinence. Twenty-two exceptions were taken to the answer, and the master decided that all, except the 1st, 11th, 12th and 22d, were well taken ; and the defendants excepted to the master's report, as to the allowance of each of the other eighteen.

The principles upon which the several exceptions were allowed or disallowed will sufficiently appear in the chancellor's opinion.

*J. Holmes,* for the complainant.

*D. Russell,* for the defendants.

THE CHANCELLOR. The second exception to the answer is well taken. The matter excepted to, contains an irrelevant and impertinent statement as to the situation, relationship and means of living of Henry Bulkley, and as to his friendship for the complainant and hostility to one of the defendants. It is neither responsive to the bill, nor material to the defendants' defence ; and appears to have been inserted in the answer merely for the purpose of discrediting Bulkley, if he should be called by the complainant as a witness. This mode of impeaching a witness is inadmissible. If he should be sworn as a witness for the complainant, the defendants will at that time have an opportunity to introduce any facts which are proper to discredit him ; but this part of the answer can in no event be used for that purpose. The first exception to the master's report is therefore overruled.

The third exception covers a part of the answer which appears to be pertinent. That part of the answer is, in substance, an allegation, on the part of the defendant William Woods, of a promise to pay the balance of the account as stated on the books of the company, after the assignment of the same to him by his copartners. He says he sent his clerk to the complainant to obtain payment, and that the clerk returned, and informed him that the complainant promised to pay it in a short time ; which information, so given by

1835.

Norton
v.
Woods.

the clerk, the defendant believes to be true. This is clearly an averment of a promise to pay. And as the fact was only known to the defendant by the representation of his clerk, it seems to have been proper to charge it in this form; as the defendant could not swear to it as a fact within his own knowledge. The second exception to the master's report is therefore allowed.

The fourth exception embraces a part of the answer which contains an unnecessary reference to the contents of a case made in the suit at law. And the ninth and thirteenth exceptions embrace similar references to the case, and also to the circuit judge's notes. Neither the case or judge's notes are the proper evidence of the facts which occurred upon the trial of the cause at the circuit. It was therefore improper to make them a part of the answer. All that was necessary, or proper, for the defendants to insert in the iranswer, was a statement of the facts proved on the trial; leaving the truth of the answer to be established by proofs, in the usual manner, if the complainant chose to take issue thereon. These exceptions were therefore properly allowed by the master; and the third eighth and tenth exceptions to the report of the master must be overruled.

The 5th and 6th exceptions embrace parts of the answer which are almost literal repetitions of the same matters which are fully stated on the 6th, 7th and 8th pages of such answer, and which matters ought not to have been stated the second time. These exceptions were therefore properly allowed, and the 4th and 5th exceptions to the report must be overruled.

The 7th exception embraces a reference, in the answer, to the books of the company, for the purpose of showing, or testing, the correctness of the defendants' allegation that the fifty-six dollar note was credited to the complainant on such books, as alleged in the answer. Such a reference to account books is usual and proper in an answer, and is therefore not impertinent; and as this is embraced in the same exception with other matter which is impertinent, the exception should have been overruled, as it was not sustained in toto. The 6th exception to the master's report is therefore allowed.

The matter of the answer embraced in the 8th exception might have been proper as an argument, in the mouth of the defendants' counsel, in support of the allegation contained in other parts of the answer, in a case of conflicting testimony on the subject. But as a part of an answer, it is irrelevant and impertinent. It is also scandalous. The 7th exception to the master's report is therefore overruled.

The 10th exception embraces that part of the answer which states the granting of an order for a bill of particulars, and sets out the bill of particulars, and the amended bill, at length. The whole of this statement in the answer appears to be useless and impertinent. The bill and answer, independent of this, showed a state of pleadings in the suit at law which would have authorized the complainant to litigate all his claims in that court, if the forms of law had enabled him to avail himself of the testimony of H. Bulkley in that suit. And whether a bill of particulars was or was not called for and delivered, appears to be wholly immaterial, and irrelevant to the present controversy between these parties. The matters of the answer embraced in the 15th exception, which relate to the bill of particulars and its connection with the credits upon the books of the company, are also irrelevant and impertinent. The 9th and 12th exceptions to the master's report are therefore overruled.

The 14th exception is also well taken ; as the part of the answer embraced in that exception is merely a repetition of what is stated on the latter part of the 22d page of the same answer. The 16th exception also embraces a part of the answer which contains a second repetition of the same matter stated in the latter part of the 22d page, and a repetition of other matters, which were before stated, in the 18th page of the answer. This exception is therefore well taken ; and the 11th and 13th exceptions to the master's report must be disallowed.

The 17th, 18th 19th and 20th exceptions embrace parts of the answer containing long and useless details of the proceedings in the supreme court, for the making and settlement of the case, the several notices given, and the times and places of attendance before the circuit judge, and the supreme

court, in relation thereto, and the service of a notice of taxation of the costs; none of which matters are of the least importance to either party in the present litigation, and which details are not called for by any thing contained in the bill. These exceptions were therefore properly allowed by the master; and the 14th, 15th, 16th and 17th exceptions to his report must be overruled.

The part of the answer embraced in the 21st exception, contains a detail of the particulars of a notice of a motion to the supreme court, and of the result of such motion; no part of which was at all material to the defendants' defence in this suit. So much, however, of this part of the answer as states that the motion was actually made in that court, and the result thereof, would have been proper, as an admission of a fact stated in the bill, had it been put in that form. But it is not put in the form of an admission; and it is so mixed up with irrelevant and impertinent matter, which ought not to have been stated, that it is impossible to separate it therefrom. The whole exception therefore was properly allowed; and the 18th exception to the master's report must be overruled. (*Post*, 268.)

The master's report is confirmed, except as to the matters of the third and seventh exceptions; which exceptions are overruled. The parts of the answer embraced in the several exceptions thereto which are finally allowed must be expunged; and the defendants must pay the costs of the reference, and of the several exceptions allowed by the master and finally sustained by the court. And as the defendants have succeeded only as to one ninth of their exceptions to the master's report, and have failed as to the other eight ninths of those exceptions, they must pay to the solicitor of the complainant seven ninths of his taxable costs of the hearing upon their exceptions. In cases of this kind, if the master has made a mistake as to the allowance of a part of the exceptions only, and is correct as to the allowance of the rest, the party against whom the decision is made should only except to the allowance of those exceptions as to which the decision is clearly erroneous, if he wishes to obtain his costs of the hearing, upon the exceptions to the master's report.